MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
NORMA NAVA PEREZ, *individually and on*
*behalf of others similarly situated,*

                    *Plaintiff*,

          -against-

KARAYIANNIS GLOBAL GROUP, INC.
(D/B/A LAUNDROMAT LUX) and GEORGE
KARAYIANNIS ,

                    *Defendants.*

------------------------------------------------------X

                         **COMPLAINT**

        **COLLECTIVE ACTION UNDER**
             **29 U.S.C. § 216(b)**

                       **ECF Case**

       Plaintiff Norma Nava Perez ("Plaintiff Nava" or "Ms. Nava"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Karayiannis Global Group, Inc. (d/b/a Laundromat Lux), ("Defendant Corporation") and George Karayiannis, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

       1.    Plaintiff Nava is a former employee of Defendants Karayiannis Global Group, Inc. (d/b/a Laundromat Lux) and George Karayiannis.

       2.    Defendants own, operate, or control a laundromat, located at 3850 Broadway, New York, NY 10032 under the name "Laundromat Lux".

3.     Upon information and belief, individual Defendant George Karayiannis, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the laundry service as a joint or unified enterprise.

4.     Plaintiff Nava was employed as  a washer and folder at the laundry service located at 3850 Broadway, New York, NY 10032.

5.     At all times relevant to this Complaint, Plaintiff Nava worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Nava appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Furthermore, Defendants repeatedly failed to pay Plaintiff Nava wages on a timely basis.

8.     Defendants' conduct extended beyond Plaintiff Nava to all other similarly situated employees.

9.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Nava and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.     Plaintiff Nava now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*.

and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11.    Plaintiff Nava seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Nava's state law claims under 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a laundromat located in this district. Further, Plaintiff Nava was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.    Plaintiff Norma Nava Perez ("Plaintiff Nava" or "Ms. Nava") is an adult individual residing in Bronx County, New York.

15.    Plaintiff Nava was employed by Defendants at Laundromat Lux from approximately June 2016 until on or about October 26, 2018.

16.    Plaintiff Nava consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.    At all relevant times, Defendants owned, operated, or controlled a laundromat, located at 3850 Broadway, New York, NY 10032 under the name "Laundromat Lux".

18.    Upon information and belief, Karayiannis Global Group, Inc. (d/b/a Laundromat Lux) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3850 Broadway, New York, NY 10032.

19.    Defendant George Karayiannis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant George Karayiannis is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant George Karayiannis possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Nava, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

20.    Defendants operate a laundromat located in the Washington Heights section of Manhattan in New York City.

21.    Individual Defendant, George Karayiannis, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

22.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23.     Each Defendant possessed substantial control over Plaintiff Nava's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Nava, and all similarly situated individuals, referred to herein.

24.     Defendants jointly employed Plaintiff Nava (and all similarly situated employees) and are Plaintiff Nava's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiff Nava and/or similarly situated individuals.

26.     Upon information and belief, Individual Defendant George Karayiannis operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e)   operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

    f)   intermingling assets and debts of his own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

27.    At all relevant times, Defendants were Plaintiff Nava's employers within the meaning of the FLSA and New York Labor Law.

28.    Defendants had the power to hire and fire Plaintiff Nava, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Nava's services.

29.    In each year from 2016 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.    Plaintiff Nava is a former employee of Defendants who was employed as a washer and folder.

32.    Plaintiff Nava seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Norma Nava Perez*

33.    Plaintiff Nava was employed by Defendants from approximately June 2016 until on or about October 26, 2018.

34.    Defendants employed Plaintiff Nava as a washer and folder.

35.    Plaintiff Nava regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

36.    Plaintiff Nava's work duties required neither discretion nor independent judgment.

37.    Throughout her employment with Defendants, Plaintiff Nava regularly worked in excess of 40 hours per week.

38.    From approximately June 2016 until on or about June 2017, Plaintiff Nava worked from approximately 4:00 p.m. until on or about 1:00 a.m., 5 days a week and from approximately 3:00 p.m. until on or about 1:00 a.m., 1 day a week (typically 55 hours per week).

39.    From approximately August 2017 until on or about June 2018, Plaintiff Nava worked from approximately 7:00 a.m. until on or about 4:00 p.m., Sundays, from approximately 4:00 pm. until on or about 1:00 a.m., 2 days a week, and from approximately 3:00 p.m. until on or about 1:00 a.m., 1 day a week (typically 37 hours per week).

40.    For the month of June 2018 and then from approximately August 2018 until on or about October 26, 2018, Plaintiff Nava worked from approximately 7:00 a.m. until on or about 5:00 p.m., Sundays, from approximately 2:00 p.m. to 3:00 p.m. until on or about 1:00 a.m., 2 days a week, and from approximately 2:00 p.m. to 3:00 p.m. until on or about 1:00 a.m., 1 day a week (typically 40 to 43 hours per week).

41.    From approximately July 2018 until on or about August 2018, Plaintiff Nava worked from approximately 7:00 a.m. until on or about 4:00 p.m., 6 days a week and from approximately 7:00 a.m. until on or about 5:00 p.m., on Sundays (typically 64 hours per week).

42.    Throughout her employment, Defendants paid Plaintiff Nava her wages in cash.

43.    From approximately June 2016 until on or about December 2016, Defendants paid Plaintiff Nava $9.75 per hour.

44.    From approximately January 2017 until on or about October 26, 2018, Defendants paid Plaintiff Nava $10.75 per hour.

45.    For approximately one week in July 2018, Defendants paid Plaintiff Nava $12.75 per hour for 23 hours of overtime.

46.    For a period of approximately three months in 2018, defendant never paid Plaintiff Nava the wages he owed her for the hours she had worked each week.

47.    Specifically, Defendant only would pay Plaintiff Nava $300 or $350 for a week in which he owed her $450 or $455; to this date, defendant has not paid Plaintiff Nava the wages he owes her for these weeks of work.

48.    For approximately one week, Defendants did not pay Plaintiff Nava any wages for her work.

49.    Plaintiff Nava's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

50.    For example, Defendants required Plaintiff Nava to work an additional 1 hour past her scheduled departure time Sundays, and did not pay her for the additional time she worked.

51.    Although Defendants granted Plaintiff Nava a 10 to 15-minute meal period, they were usually interrupted and she had to work throughout those breaks.

52.    Approximately every two or three months, Defendants required Plaintiff Nava to sign documents reflecting the hours worked and the amount of money received, in order to release her weekly pay.

53.     Defendants took improper and illegal deductions from Plaintiff Nava's wages; specifically, for approximately the last three months of her employment Defendants deducted $100 to $150 from Plaintiff Nava's weekly wages and did not provide a reason for these deductions.

54.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Nava regarding overtime and wages under the FLSA and NYLL.

55.     Defendants did not provide Plaintiff Nava an accurate statement of wages, as required by NYLL 195(3).

56.     Defendants did not give any notice to Plaintiff Nava, in English and in Spanish (Plaintiff Nava's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

57.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Nava (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

58.     Plaintiff Nava was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

59.     Defendants' pay practices resulted in Plaintiff Nava not receiving payment for all her hours worked, and resulted in Plaintiff Nava's effective rate of pay falling below the required minimum wage rate.

60.     Defendants habitually required Plaintiff Nava to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

61.     Approximately every two or three months, Defendants required Plaintiff Nava to sign documents reflecting the hours worked and the amount of money received, in order to release her weekly pay.

62.     Defendants paid Plaintiff Nava her wages in cash.

63.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

64.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Nava (and similarly situated individuals) worked, and to avoid paying Plaintiff Nava properly for her full hours worked.

65.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

66.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Nava and other similarly situated former workers.

67.     Defendants failed to provide Plaintiff  Nava and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

68.    Defendants failed to provide Plaintiff Nava and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69.    Plaintiff Nava brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

70.    At all relevant times, Plaintiff Nava and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

71.    The claims of Plaintiff Nava stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

72.    Plaintiff Nava repeats and realleges all paragraphs above as though fully set forth herein.

73.    At all times relevant to this action, Defendants were Plaintiff Nava's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Nava (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

74.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76.    Defendants failed to pay Plaintiff Nava (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77.    Defendants' failure to pay Plaintiff Nava (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78.    Plaintiff Nava (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

79.    Plaintiff Nava repeats and realleges all paragraphs above as though fully set forth herein.

80.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Nava (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

81.    Defendants' failure to pay Plaintiff Nava (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82.    Plaintiff Nava (and the FLSA Class members)were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

83.     Plaintiff Nava repeats and realleges all paragraphs above as though fully set forth herein.

84.    At all times relevant to this action, Defendants were Plaintiff Nava's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Nava, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

85.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Nava less than the minimum wage.

86.    Defendants' failure to pay Plaintiff Nava the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

87.    Plaintiff Nava was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

88.    Plaintiff Nava repeats and realleges all paragraphs above as though fully set forth herein.

89.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Nava  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

90.    Defendants' failure to pay Plaintiff Nava overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

91.    Plaintiff Nava was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

92.    Plaintiff Nava repeats and realleges all paragraphs above as though fully set forth herein.

93.    Defendants failed to provide Plaintiff Nava with a written notice, in English and in Spanish (Plaintiff Nava's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

94.    Defendants are liable to Plaintiff Nava in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

95.    Plaintiff Nava repeats and realleges all paragraphs above as though fully set forth herein.

96.    With each payment of wages, Defendants failed to provide Plaintiff Nava with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

97.    Defendants are liable to Plaintiff Nava in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

98.    Plaintiff Nava repeats and realleges all paragraphs above as though set forth fully herein.

99.    At all relevant times, Defendants were Plaintiff Nava's employers within the meaning

of the N.Y. Lab. Law §§ 2 and 651.

100.  Defendants made unlawful deductions from Plaintiff Nava's wages; specifically, for approximately the last three months of her employment Defendants deducted $100 to $150 from Plaintiff Nava's weekly wages and did not provide a reason for these deductions.

101.  The deductions made from Plaintiff Nava's wages were not authorized or required by law.

102.  Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Nava's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

103.  Plaintiff Nava was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

104.   Plaintiff Nava repeats and realleges all paragraphs above as though set forth fully herein.

105.   Defendants did not pay Plaintiff Nava on a regular weekly basis, in violation of NYLL §191.

106.  Defendants are liable to Plaintiff Nava in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Nava respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Nava and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Nava and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Nava's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Nava and the FLSA Class members;

(f)     Awarding Plaintiff Nava and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Nava and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Nava;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Nava;

(j)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Nava;

(k)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Nava's compensation, hours, wages and any deductions or credits taken against wages;

(l)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Nava;

(m)      Awarding Plaintiff Nava damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)      Awarding Plaintiff Nava damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)      Awarding Plaintiff Nava liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)      Awarding Plaintiff Nava and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)       Awarding Plaintiff Nava and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Nava demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        November 2, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 1, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Norma Nava Perez

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:                      Norma . Nava

Date / Fecha:                           01 de noviembre de 2018

*Certified as a minority-owned business in the State of New York*