**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                      :
NORMA NAVA PEREZ,                :
                      :
               Plaintiff,     :     18-CV-10212 (VSB) (OTW)
                      :
       -against-      :     **ORDER**
                      :
KARAYIANNIS GLOBAL GROUP, INC., et al.,  :
                      :
               Defendants.  :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

On February 18, 2020, the District Court issued a 30-Day Order because it was reported that this action had settled. Plaintiff moved to reopen the case in March 2020, which the District Court granted on March 19, 2020. (ECF 33, 34). For months Plaintiff made no further submissions.

On August 3, 2020, I ordered Plaintiff to show cause by August 10, 2020 why I should not recommend that the action be dismissed for failure to prosecute.[1] (ECF 35, the "Order to Show Cause"). Kevin Johnson of Michael Faillace & Associates, P.C. (the "Faillace Firm") entered an appearance on August 6, 2020 and responded to the Order to Show Cause on August 10, 2020.[2] (ECF 37, 38).

In arguing that the case should not be dismissed for failure to prosecute, Plaintiff argues in sum that because her former counsel Joshua S. Androphy left the firm on July 7, 2020 but did

---

[1] In March 2019, this action was referred to me on an interim basis for pretrial management upon the passing of the Hon. Robert W. Sweet. (ECF 11). The Hon. Vernon S. Broderick referred this case to me for general pretrial supervision on November 20, 2020. (ECF 40).

[2] Mr. Johnson was apparently newly hired by the Faillace Firm in June 2020. (ECF 38 at 5).

not leave detailed notes nor file a motion to withdraw until August 6, 2020, a month after he had left the Faillace Firm, Mr. Johnson was unable to resume settlement negotiations after the case was reopened.

Although Mr. Johnson falls on his sword for the untimely withdrawal of Mr. Androphy and his delayed entry into the case, this is not an isolated "moment of law office failure." (ECF 38 at 5). Mr. Androphy was still employed at the Faillace Firm for more than three months after the case was reopened (and before Mr. Johnson started), and failed to restart settlement negotiations. Mr. Johnson's submission also notably fails to identify any steps he or anyone else at his firm have taken to prosecute this case in the last four months.[3] And finally, Mr. Faillace, the CEO and the "driver of the firm," has continually represented Plaintiff since he filed this action two years ago, and the record is devoid of any action taken to prosecute this case or properly supervise his associates.[4] *See, e.g.*, ECF 1 (complaint filed by Mr. Faillace).

Accordingly, by **December 11, 2020**, Mr. Faillace is ordered to respond through sworn declaration to the Order to Show Cause. Mr. Faillace's response shall include the following:

- What efforts he made to advance the action between March 19, 2020 and the present;

- What efforts he makes to ensure that departing associates timely file motions to withdraw and transition cases to other members of the Faillace Firm; and

---

[3] Mr. Johnson suggests that defense counsel, Stephen Hans, and his clients engaged in "delay tactics and bad faith in negotiating with Plaintiff," (ECF 38 at 4). This assertion is concerning, since there is no indication from Mr. Johnson's letter submission that he has had any contact with Mr. Hans or Mr. Androphy. Moreover, the Faillace Firm and Mr. Hans have litigated and continue to litigate another case, *Calle Jara v. Manna 2nd Ave LLC,* 18-CV-2871 (OTW) (S.D.N.Y.), and Mr. Hans and the Faillace Firm therein have largely complied with the Court's Orders.

[4] http://www.faillacelaw.com/team/michael.html (last accessed December 4, 2020).

- What efforts he makes to ensure that notices of appearance are timely filed for newly appearing members of the Faillace Firm.

- His compliance with New York Rules of Professional Conduct Rule 5.1.

**SO ORDERED.**

Dated: December 4, 2020
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge