UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
      :
NORMA NAVA PEREZ,      :
      :
                     Plaintiff,      :        18-CV-10212 (OTW)
      :
             -against-      :        **OPINION AND ORDER**
      :
KARAYIANNIS GLOBAL GROUP, INC., et al.,      :
      :
                     Defendants.      :
      :
-------------------------------------------------------------x

        **ONA T. WANG, United States Magistrate Judge:**

        Plaintiff Norma Nava Perez brings this action against Defendants Karayiannis Global Group, Inc. and George Karayiannis. Plaintiff alleges she was employed by Defendants as a washer and folder at Defendants' laundromat business known as "Laundromat Lux." Compl. ¶¶ 1-4. Plaintiff alleges Fair Labor Standard Act ("FLSA") and New York Labor Law ("NYLL") claims. Compl. ¶¶ 72-106. The parties submit their proposed FLSA settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 47). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 50). For the reasons below, the Court **declines to approve** the settlement. (ECF 47-1).

**I.    Background**

        Plaintiff alleges that she was employed by Defendants as a washer and folder from approximately June 2016 until October 2018. Compl. ¶ 33. Plaintiff alleges that she worked in excess of forty hours per week, but Defendants did not pay her proper overtime. Plaintiff also

alleges that Defendants took improper deductions, failed to provide her with proper breaks, and failed to provide her with proper wage statements. Compl. ¶¶ 46-56.

Plaintiff filed her complaint in November 2018. (ECF 1). In February 2020, the parties reached a settlement in principle and Judge Broderick entered a 30-day order. (ECF 30, 32). Plaintiff timely moved to reopen the case in March 2020. (ECF 33, 34). In August 2020, I issued an order to show cause why I should not recommend that the action be dismissed for failure to prosecute. (ECF 35). Plaintiff, through counsel, responded in August 2020 and December 2020.[1] (ECF 38, 42). The parties reached a settlement in principle in December 2020 and filed their fairness materials on January 28, 2021. (ECF 45, 47). The parties consented to my jurisdiction for all purposes in March 2021. (ECF 50).

**II.      Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it

---

[1] The December 2020 response was in response to a December 4, 2020 order in which I identified potential "law office failure" on behalf of Michael Faillace & Associates LLP (the "Faillace Firm"). (ECF 41). In August 2020, I ordered Plaintiff to show cause why I should not recommend that the action be dismissed for failure to prosecute. (ECF 35). In arguing that the case should not be dismissed for failure to prosecute, Plaintiff argues in sum that a departing attorney at the Faillace Firm failed to transition her case. (ECF 38). However, the response failed to address, among other reasons, what steps Michael Faillace, the CEO and the "driver of the firm," took to prosecute the case or supervise his associates. (ECF 41). I subsequently ordered Mr. Faillace to personally respond. (ECF 41). Mr. Faillace responded arguing in part that the Covid-19 pandemic severely disrupted his firm's operations (multiple staffers including Mr. Faillace contracted Covid) and that he has been in continued contact with Ms. Perez. (ECF 42-1).

finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in

*Wolinsky v. Scholastic Inc.*:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. Range of Recovery

Plaintiff alleges a maximum recovery for her wage-and-hour claims to be approximately $9,686.38. (ECF 47 at 3). The proposed settlement amount is $12,000.00. (ECF 47 at 3). Of the total settlement amount, Plaintiff would receive $7,200.00 and Plaintiffs' counsel would receive $4,800.00 for attorneys' fees and costs. (ECF 47 at 5). Plaintiff's settlement amount thus represents approximately 74.3% of Plaintiff's alleged maximum.[2] Given the risks of litigation as noted below, the Court finds this amount reasonable.

### b. Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties acknowledge that the factual disputes present in this case present them with risks were they to proceed with litigation. (ECF 47 at 4). Plaintiff faces risk because were she to proceed with trial she may receive a judgment less than the proposed settlement or an

---

[2] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. *See, e.g.*, *Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

unfavorable judgment. (ECF 47 at 2). With a settlement, Plaintiff can obtain immediate recovery versus a delayed recovery or none at all. (ECF 47 at 2).

### c. Arm's Length Negotiation

The parties have not represented that the settlement was a product of an arm's-length negotiation represented by competent and experienced wage and hour counsel. Any renewed application shall detail the negotiation process.

### d. Risk of Fraud or Collusion

Because the parties have not detailed the negotiation process, I am unable to determine if fraud or collusion played a role in the settlement.

### e. Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment with Defendants. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

The attorneys' fees and costs award of $4,800.00 is unreasonable and represents approximately 40% of the total award.[3] In this case, Plaintiff's counsels' fees are unreasonable because counsel charged for time they spent responding to the Court's orders to show cause (ECF 35, 41) directed at counsel's lack of diligence in prosecuting this case. No reasonable client would pay for this time. *See Fisher*, 948 F.3d at 607 (a district court may "advise the parties

---

[3] Although there is not a proportionality requirement, attorneys' fees settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a 'reasonable attorney's fee to be paid by the defendant'"); *Singh v. MDB Construction Mgmt., Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, No. 15-CV-6848 (KBF), 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). Here, the amount of fees sought is unreasonable not because of its proportion relative to the settlement amount, but because counsel seeks recovery of time that should not have been billed to the client.

what it would find reasonable [for a *Cheeks* fee application] and give them an opportunity to reach a new agreement."). Namely, the Court finds issues with the following entries August 3, 2020 (0.40 hrs, $147.50), August 4, 2020 (0.10 hrs, $15.00), August 5, 2020 (0.30 hrs, $135.00), December 7, 2020 (0.40 hrs, $180.00), and December 14, 2020 (0.30 hrs, $135.00). The total amount at issue is $612.50 for 1.5 hours of work. I note that the proposed amount of fees, $4,800.00, is less than the total recorded fees and costs submitted by Plaintiff's counsel, which total $5,047.50, for 15.1 hours of work at $4,647.50 and $400.00 in costs. (ECF 47-2). However, the $247.50 reduction does not fully account for the improperly billed time. Accordingly, I find that the proposed amount of attorneys' fees and costs unreasonable under *Cheeks* because counsel has billed time for their own mismanagement of the case. To be clear, Plaintiff should not be charged for any time spent by counsel causing and/or remediating their "law office failure." Counsel shall review the time records and remove any time associated with their "law office failure," including the time entries flagged by the Court.

Further, the settlement agreement contains a clause that functionally operates as a non-disparagement and confidentiality provision, which courts generally refuse to approve in FLSA settlements:

> Plaintiff further agrees to not enter or patronize the Defendants['] establishment of business, nor have any contact with the Defendants individually, or by contacting or purposefully encountering the Defendatns' [sic] staff, employees, and known agents.

(ECF 47-1 ¶ 3). By preventing Plaintiff from entering Defendants' establishment and speaking to Defendants' employees, the clause acts as a gag order on Plaintiff. Confidentiality provisions that "would bar plaintiffs from openly discussing their experiences litigating [ ] wage-and-hour case[s]" are not approved because they "run afoul of the purposes the FLSA and the public's

5

independent interest in assuring that employees' wages are fair." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (quotations omitted) (declining to approve FLSA settlement); *see also Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321 (WHP), 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements). Similarly, non-disparagement provisions are also contrary to the broad remedial purposes of the FLSA. *See, e.g.*, *Martinez v. Gulluoglu LLC*, No. 15-CV-2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose); *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 WL 7871036, at 83 (S.D.N.Y. Dec. 3, 2015) (Non-disparagements provisions "prevent the spread of information about FLSA actions to other works (both employees of Defendants and others), who can then use information to vindicate their statutory rights."). If a provision broadly bars plaintiff from making any negative comments about defendants, "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case." *Lopez, LLC*, 96 F. Supp. 3d at 180 n.65; *see also Lazaro-Garcia v. Sengupta Food Servs*, No. 15-CV-4259 (RA), 2015 WL 9162701 at *3 (S.D.N.Y. Dec. 15, 2015). The instant provision herein contains no such carve-out. As written the Court will not approve the settlement agreement.

**III.     Conclusion**

For the foregoing reasons, the Court **declines to approve** the proposed Settlement Agreement (ECF 47). Parties are directed to file a revised a settlement agreement by April 22, 2021.[4]

The Clerk of Court is directed to close ECF 47.

**SO ORDERED.**

Dated: April 8, 2021
      New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

---

[4] The settlement agreement as drafted also refers to Plaintiff as "she" and "he." The revised version shall clarify Plaintiff's preferred pronouns.