**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

NORMA NAVA PEREZ, *individually and on behalf of others similarly situated,*

                                *Plaintiff,*

-against-

KARAYIANNIS GLOBAL GROUP, INC.
(D/B/A LAUNDROMAT LUX) and GEORGE
KARAYIANNIS
                        Defendants.

------------------------------------------------------------X

Case No. **18-cv-10212-OTW**

**SETTLEMENT AGREEMENT**
**AND**
**RELEASE**

       This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff **Norma Nava Perez** ("Plaintiff Nava Perez") on the one hand, KARAYIANNIS GLOBAL GROUP, INC. (D/B/A LAUNDROMAT LUX) (the "Defendant Corporation"), and George Karayiannis (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand.

       WHEREAS, Plaintiff allege that she worked for Defendants as an employee; and

       WHEREAS, a dispute has arisen regarding Plaintiff' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 18-cv-10212 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

       WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

       WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

       NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

       1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants relating specifically to the claims in the Litigation through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of $12,000 (the "Settlement Amount") to be paid to Plaintiff attorneys, by Defense counsel from his escrow's account, in one lump sum. Payment shall be distributed as follows:

       To Plaintiff "Norma Nava Perez": $9,300.00

1231196.1

To Plaintiff's counsel, "Michael Faillace & Associates, P.C.": $2,700.00

Defendants shall have the right to pre pay any portion of the payment due under this Agreement.

Within ten days of this Agreement being approved by the Court, the checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks/payments shall constitute a default under the Agreement.

3. Release and Covenant Not To Sue: Plaintiff hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation (wage and hour claims; FLSA; NYLL) that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiff from any and all known claims, and liabilities of any kind that he has, had or claimed to have against Plaintiff relating specifically to the claims in the Litigation and her employment with the Defendants that have occurred as of the Effective Date of this Agreement.

3. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

5. Acknowledgments: Plaintiff acknowledges that: (1) she has been fully and fairly represented by counsel in this matter; and (2) she has been instructed by his attorney that Defendants respectfully request he keep this agreement confidential. Plaintiff acknowledges and agrees that the proposed attorneys' fees of $2,700.00 represents approximately 30.8% of the total settlement, less than the 40% agreed to in her retainer with counsel.

Plaintiff acknowledges and agrees that she has been represented by competent counsel experienced in the litigation of wage and hour claims. Plaintiff acknowledges and agrees that during the negotiation process and settlement she was fully informed of her legal rights to pursue litigation to trial and verdict by a jury of her peers, counsel on the likely success at trial, her probable damages, the amount of proposed attorneys' fees, and was apprised of the steps in litigation. Plaintiff settled this agreement in the time leading to mediation through her attorneys and those of Defendants who exchanged various documents relevant to her employment with Defendants, which were disclosed to Plaintiff.

Defendants acknowledge and agree that they have been represented by competent counsel experienced in the litigation and defense of wage and hour claims. Defendants acknowledge and agree that during the negotiation process and settlement she was fully informed of their legal rights to pursue litigation to trial and verdict by a jury of their peers, counsel on the likely success at trial, their potential liable for probable damages, the costs and time of litigation, the likelihood of the entry of judgement,

and was apprised of the steps in litigation. Defendants settled this agreement in the time leading to mediation through their attorneys and those of Plaintiff who exchanged various documents relevant to Plaintiff's employment with Defendants, which were disclosed to Defendants.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

All Parties acknowledge that the negotiation of this settlement took place at arm's length, with uninterested counsel, and the opportunity to edit and negotiate all aspects of this Agreement.

6. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the fifth day following first-class mailing thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

STEPHEN D. HANS
**STEPHEN D. HANS & ASSOCIATES, P.C.**
30-30 Northern Blvd Suite 401
Queens, NY 11101
(718) 275-6700
FAX: (718) 275-6704
EMAIL: SHANS@HANSASSOCIATES.COM

7. Governing Law: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8. Enforceability: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and

Case 1:18-cv-10212-OTW   Document 67   Filed 08/09/21   Page 4 of 5
Case 1:18-cv-10212-OTW   Document 53   Filed 04/23/21   Page 6 of 8
Case 1:18-cv-10212-OTW   Document 52-1   Filed 04/22/21   Page 4 of 5

enforceable.

9. <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with her legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that he has made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFF:

By: _Norma Nava_   Date: 05.19.21
Norma Nava Perez

DEFENDANTS:

*Corporate Defendant*

By: _____   Date: _____
Karayiannis Global Group, Inc.

*Individual Defendant*

By: _____   Date: _____
George Karayiannis

Case 1:18-cv-10212-OTW  Document 67    Filed 08/09/21   Page 5 of 5
Case 1:18-cv-10212-OTW  Document 53    Filed 04/23/21   Page 6 of 8
Case 1:18-cv-10212-OTW  Document 52-1  Filed 04/22/21   Page 4 of 5

enforceable.

9. **Release Notification:** Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with her legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is her choice to waive any potential claims in return for the benefits set forth herein and that he has made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

10. **Counterparts:** To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**PLAINTIFF:**

By: _____                Date: _____
    Norma Nava Perez

**DEFENDANTS:**

Corporate Defendant
By: _____                Date: 08/06/21
    Karayiannis Global Group, Inc.

Individual Defendant
By: _____                Date: 08/06/21
    George Karayiannis